UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARIC JAMES LEWNO,

       Plaintiff,

v.                                                                                          Case No.  8:21-cv-1334-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

       Defendant.
_____/

# ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 241–51). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 136–41, 144–55).  Plaintiff then requested an administrative hearing (Tr. 156–57).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 29–75).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12–28). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1969 (Tr. 31), claimed disability beginning August 8, 2019 (Tr. 241, 245). Plaintiff has a GED (Tr. 279) and past relevant work as an automobile customizer, electrical appliance servicer, and a composite job including industrial trucker operator and shipping and receiving clerk (Tr. 22). Plaintiff alleged disability due to chronic back pain, chronic neck pain, chronic right knee pain, and work-related injury (Tr. 76).

In rendering the administrative decision, the ALJ concluded that Plaintiff meets the insured status requirements through December 31, 2024 and had not engaged in substantial gainful activity since August 8, 2019, his alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the lumbar, thoracic, and cervical spine (Tr. 17). Notwithstanding the noted impairment, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), "except that he can never climb ropes, ladders, or scaffolds and occasionally balance,

stoop, kneel, crouch, and crawl. He can frequently push, pull, and reach with the bilateral upper extremities." (Tr. 18). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 19).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work but could work as a marker, small parts assembler, and a laundry classifier/sorter (Tr. 23). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397,

1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV. Analysis**

Plaintiff argues that the ALJ erred because (1) she failed to properly evaluate the opinion of Dr. Ashraf A. Ragab, M.D., Plaintiff's treating orthopedist; and (2) she failed to properly evaluate Plaintiff's subjective complaints. For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**a. Evaluation of Dr. Ragab's Opinion**

Plaintiff's first argument is that the ALJ did not have good cause to reject Dr. Ragab's opinions (Doc. 20 at 10–13). As the Commissioner points out, however, Plaintiff

5

relies on case law that applies Social Security Administration ("SSA") regulations that have since been revised (*Id*. at 13–19).[2]

Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence. *See* 20 C.F.R. § 404.1527(c). Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause for doing so. *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).

In this case, however, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed his claim on August 20, 2019 (*see* Tr. 241). As the SSA explained, "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision ... these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82

---

[2] For instance, Plaintiff cites *Ledford v. Commissioner of Social Security,* No. 6:13-cv-166-Orl-TBS, 2014 WL 12623685, at *2 (M.D. Fla. Mar. 24, 2014), in which the district court remanded the plaintiff's case because the ALJ failed to state with particularity the weight she assigned to a treating physician's opinion and why (Doc. 20 at 10). The revised regulations, however, eliminate the treating physician rule. *See Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 897 (11th Cir. 2022).

Fed. Reg. 5844, 5853 (Jan. 18, 2017); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019).

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources. 20 C.F.R. § 404.1520c(a).  As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).  But the first two factors are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-02379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2)) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).  "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §

7

404.1520c(c)(2). Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions. As mentioned above, an ALJ need not assign specific evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[3] 20 C.F.R. § 404.1520c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1).

Dr. Ragab began treating Plaintiff at Comprehensive Spine Institute in May 2019 (Tr. 406). Dr. Ragab diagnosed Plaintiff with cervicalgia, cervical disc disorder with radiculopathy, intervertebral disc disorder with radiculopathy in the thoracic region, and costochondritis (Tr. 408). During his initial consultation with Plaintiff, Dr. Ragab

---

[3] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

recommended treatment with Mobic and steroid injections (*Id.*). After the initial consultation, Dr. Ragab completed a worker's compensation treatment status form in which he opined that Plaintiff could lift no more than fifteen pounds (Tr. 411). At a return visit in June 2019, Plaintiff told Dr. Ragab that the steroid injections did not help his pain (Tr. 422). Considering this, Dr. Ragab advised Plaintiff that surgery might not be a good idea, and Plaintiff elected not to proceed with surgery (Tr. 422–23). Plaintiff returned to Dr. Ragab in April 2020, and Dr. Ragab noted that Plaintiff "is unable to contribute to any gainful employment due to the extent of his pain" and provided Plaintiff a referral to pain management (Tr. 468). Finally, Plaintiff visited Dr. Ragab in August 2020, and Dr. Ragab stated that he believed Plaintiff "will have this chronic longstanding pain until the annular tears have healed," and that if they do not heal, then Plaintiff is a candidate for multiple surgeries (Tr. 471). At each visit with Dr. Ragab, Plaintiff was found to have full strength and a normal gait (Tr. 434–35, 456–57, 464–65, 467–68, 470–71).

After setting forth the specific medical findings by Dr. Ragab (Tr. 20–21), the ALJ said the following regarding Dr. Ragab's opinions:

> In May of 2019, Dr. Ragab limited the claimant to lifting no more than 15 pounds (Exhibit 3F). In April of 2020, Dr. Ragab opined that the claimant was never able to work due to pain (Exhibit 6F). These assessments are not persuasive. The claimant has cervical disc disease but he retains full strength. He works on motorcycles and performs all of the household chores without difficulty. He takes Tylenol for pain and uses a TENs unit sometimes (testimony and Exhibit 10E). He has declined surgery. He has full strength with no atrophy, indicating that he has been able to maintain activity and lift/carry more than 15 pounds. The claimant's own testimony establishes that he can work and that he is capable of performing light exertional activity. In addition, a finding of able to work or not able to work is a determination reserved for the Commissioner of Social Security.

(Tr. 21). Here, the ALJ's consideration of Dr. Ragab's opinions does not immediately appear to track the new regulations' requirements, as there is no reference to either "supportability" or "consistency." Use of these words is not required, however, as long as the ALJ's findings were ultimately based on these factors. *See Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *5 (M.D. Fla. Apr. 6, 2021) ("While he may not have used the words 'supportability' and 'consistency,' the ALJ's discussion of Dr. Birkmire's opinions and findings regarding the record was based on those factors."), *report and recommendation adopted*, 2021 WL 1565162 (Apr. 21, 2021); *Thaxton v. Kijakazi*, No. 1:20-cv-616-SRW, 2022 WL 983156, at *8 (M.D. Ala. Mar. 30, 2022) ("[T]he ALJ need not use any magic words in discussing whether a medical opinion is supported by evidence from the medical source himself and whether the opinion is consistent with other evidence in the record."). Here, the Court finds that they were.

As set forth above, the consistency factor refers to the relationship between a medical source's opinion and other evidence within the record. The ALJ's analysis clearly suggests that Dr. Ragab's opinions are inconsistent with other evidence in the record. For example, the ALJ noted that the opinion that Plaintiff is unable to work is inconsistent with Plaintiff's testimony that he currently works on motorcycles and performs household chores without difficulty (Tr. 21, 37, 43). In addition, the ALJ noted that the opinion that claimant is limited to lifting fifteen pounds is inconsistent with the medical findings that claimant retains full strength (Tr. 21, 434–35, 456–57, 464, 467, 470).

The supportability factor deals with the extent to which a medical source has articulated support for the source's own opinion. The ALJ referenced Dr. Ragab's own

findings that Plaintiff retains full strength with no atrophy, which does not support a limitation to lifting no more than fifteen pounds (Tr. 21, 434–35, 456–57, 464–65, 467–68, 470–71). While it is not immediately clear in the above-cited excerpt that the ALJ is referring to Dr. Ragab's findings, the ALJ's extensive discussion of Dr. Ragab's treatment throughout the opinion clarifies this. *See Womack v. Kijakazi*, No. 8:21-cv-984-TPB-CPT, 2022 WL 3588275, at *7 (M.D. Fla. Aug. 5, 2022) ("Viewed in their totality, the ALJ's citation to and discussion of these records and other treatment notes adequately support his determination that Dr. Kamat's recommendations were not persuasive."), *report and recommendation adopted*, 2022 WL 3586547 (Aug. 22, 2022); *Thaxton*, 2022 WL 983156, at *8 ("An ALJ may refer to evidence discussed elsewhere in the decision when evaluating medical opinions or prior administrative medical findings."); *see also Lamirande v. Comm'r of Soc. Sec.*, No. 21-80303-CIV, 2022 WL 1504756, at *4 (S.D. Fla. Apr. 21, 2022) (holding that ALJ adequately explained supportability factor, despite not using the express term, where ALJ cited to six record examples to explain why he found opinion unpersuasive, and three of the examples came from medical source's own records), *report and recommendation adopted*, 2022 WL 1499943 (May 12, 2022); .

Plaintiff further argues that, contrary to the ALJ's assessment, his daily activities are not inconsistent with Dr. Ragab's opinions. In support, Plaintiff cites to *Cararra v. Astrue*, an unpublished opinion in which the Eleventh Circuit stated that the claimant's "somewhat minimal daily functions," which included basic household chores, cooking, driving, and attending church, were not "comparable to typical work activities" and therefore did not constitute good cause to discount the opinion of the claimant's treating

11

physician. 393 F. App'x 612, 614–15 (11th Cir. 2010). As set forth above, however, the ALJ does not need to establish good cause to find the opinion of a treating physician to be unpersuasive under the new regulations. Regardless, in appropriate circumstances, courts in the Eleventh Circuit have found a claimant's daily activities to qualify as good cause to discount the opinion of a treating physician. *See, e.g.*, *Crow v. Comm'r, Soc. Sec. Admin.*, 571 F. App'x 802, 806 (11th Cir. 2014) ("[E]vidence of Crow's daily activities also provided good cause to discount his treating physician's opinion."); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (upholding ALJ's decision to disregard the opinion of claimant's treating physician in part because it was inconsistent with claimant's daily activities). Moreover here, unlike in *Cararra*, Plaintiff's daily activities are inconsistent with the limitations in Dr. Ragab's opinion. For example, Dr. Ragab's opinion that Plaintiff is completely unable to work due to pain is inconsistent with the fact that Plaintiff works (albeit on a limited basis) in a friend's motorcycle repair shop.[4] *See, e.g.*, *Bliss v. Comm'r of Soc. Sec.*, 254 F. App'x 757, 758 (11th Cir. 2007) (finding good cause existed to discount opinion of treating physician where daily activities reported by claimant contradicted physician's responses on evaluation form).

Finally, as the Commissioner points out, the ALJ did not exclusively rely on Plaintiff's daily activities to find Dr. Ragab's opinions unpersuasive. The ALJ also relied on objective medical evidence, namely, the findings that Plaintiff retains full strength (Tr.

---

[4] Moreover, as the ALJ acknowledged, this type of determination is reserved for the Commissioner. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (stating that the "task of determining a claimant's ability to work is within the province of the ALJ, not a doctor").

21). This is clearly sufficient. *See, e.g.*, *Lineback v. Comm'r of Soc. Sec.*, No. 2:20-cv-947-JLB-NPM, 2022 WL 736178, at *4 (M.D. Fla. Mar. 11, 2022) (holding that ALJ properly found medical opinions to be unpersuasive where ALJ identified "specific, contradicting opinions of other physicians . . . as well as Plaintiff's 'high functioning activities of daily living' to explain why [physician's] opinions of marked limitations were inconsistent with other record evidence"); *Slanina v. Comm'r of Soc. Sec.*, No. 8:21-cv-37-DNF, 2022 WL 1498710, at *6 (M.D. Fla. May 12, 2022) (holding that substantial evidence supported ALJ's finding that medical opinion was unpersuasive where ALJ found opinion to be inconsistent with other medical records and Plaintiff's activities of daily living, and ALJ cited to instances supporting these statements).

Considering the foregoing, Plaintiff has not established that the ALJ erred in her analysis of Dr. Ragab's opinion.

### b. Subjective Complaints

Plaintiff next argues that the ALJ improperly evaluated his subjective complaints. In determining whether a claimant is disabled, the ALJ must consider all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). Once a claimant establishes that his pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

13

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Social Security Ruling 16-3p cautions that "subjective symptom evaluation is not an examination of an individual's character." *Id.* Adjudicators, as the regulations dictate, are to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *Id.* The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1529, 416.929. "Other evidence," again as the regulations define, includes evidence from medical sources, medical history, and

14

statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1513, 416.913. Subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014).

Here, Plaintiff testified that he has severe pain in his middle chest and right side where the ribs and spine meet (Tr. 55). He also testified that his back and neck become stiff, and he experiences a dull, burning pain that "locks up" and makes it very hard to move (*Id.*). He is prescribed Cymbalta for pain, but also takes Advil or Tylenol, and uses ice and heat for twenty minutes twice per day (Tr. 54–57). He also uses a TENS unit every other day (*Id.*). Regarding daily activities, Plaintiff testified that he helps a friend working in his motorcycle shop for about six hours per week, he helps take care of his mother, takes care of the house, does the grocery shopping, and takes care of his dogs (Tr. 37, 42–43). He also testified that he is starting to try walking around his neighborhood with walking sticks, he is taking classes online, and trains with resistance bands (Tr. 45–47).

The ALJ relied on boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 19). This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 1694841 (Apr. 18, 2013). Here, the Court finds that it is. In evaluating

Plaintiff's subjective complaints, the ALJ explained that the "objective medical evidence of record does not support the claimant's limitations to the debilitating extent alleged" (Tr. 19). The ALJ then noted that Plaintiff's testimony is supportive of an ability to work, because Plaintiff states that he works a few hours per week in a motorcycle shop, he performs household chores, and is in a full-time university degree program (*Id.*).

Plaintiff argues that the ALJ erred in this analysis because the ALJ focused primarily on the objective medical evidence instead of analyzing all the factors outlined in the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). In support of this argument, Plaintiff cites to SSR 16-3p, which states that the agency "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms *solely* because the objective evidence does not substantiate the degree of impairment-related symptoms alleged by the individual. A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider . . . ." SSR 16-3p (emphasis added). The Commissioner responds that the ALJ discussed most of the factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), including Plaintiff's activities of daily living, reported symptoms, and treatment history.

The Commissioner is correct. In addition to discussing the objective medical evidence, the ALJ discussed Plaintiff's daily activities, explaining that Plaintiff works in a motorcycle repair shop, performs household chores, and attends a full-time university program (Tr. 19).[5] *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Throughout the

---

[5] Plaintiff also appears to suggest that the ALJ erred because she relied on the same daily activities that she relied upon in finding Dr. Ragab's opinions not to be persuasive (Doc. 20 at 22). Plaintiff, however, failed to cite any authority on this point or provide any

16

opinion, the ALJ discussed the location of Plaintiff's pain, explaining that he has reported pain in his back and neck and that this pain radiates to the right upper extremity (Tr. 19–21). *See* 20 C.F.R. §§ 404.1529(c)(3)(ii), 416.929(c)(3)(ii). The ALJ also discussed the type of medication Plaintiff uses, noting that he tried a muscle relaxer with no relief and now takes Tylenol for his pain (Tr. 19–20). *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). Then the ALJ discussed the treatment Plaintiff receives—other than medication—for relief of his pain, noting that he uses a TENs unit every other day and received an epidural steroid injection (Tr. 19–20) *See* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

Considering this, Plaintiff has not shown that the ALJ ran afoul of the Eleventh Circuit's pain standard. *See Holt*, 921 F.2d at 1221. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision must be affirmed even if the undersigned would have reached a different conclusion. *See Bloodsworth*, 703 F.2d at 1239. On this record, the ALJ did not err in considering Plaintiff's subjective complaints.

---

explanation as to why that is improper. Accordingly, the issue is deemed abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2019) ("Abandonment of an issue can also occur when passing references appear in the argument section of an opening brief, particularly when the references are mere 'background' to the appellant's main arguments or when they are 'buried' within those arguments."); *see also Whitmore v. Soc. Sec. Admin., Comm'r*, 855 F. App'x 641, 644 (11th Cir. 2021) (stating that it is "proper for an administrative law judge to consider a claimant's daily activities when they are related to the claimant's subjective pain").

17

### V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on this 1st day of September, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE